IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| STEVEN GERARD SLEDGE, PRO SE § § Plaintiff, § § v. § § NFN BRISCO, CO III, ET AL., § § § Defendants. § | | 2:16-CV-00138-J-BR |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS CIVIL RIGHTS COMPLAINT**

Plaintiff STEVEN GERARD SLEDGE, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutional Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis. For the following reasons, plaintiff's civil rights complaint should be DISMISSED.

I.
JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. §

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## II.
## PLAINTIFF'S CLAIMS

Plaintiff claims that on April 13, 2016, TDCJ Officer NFN BRISCO confiscated personal property from his cell during an annual search of all inmates' cells. Plaintiff claims the property seized contained legal material, commissary items and some appliances plaintiff paid for through his inmate trust account. Plaintiff claims TDCJ Officer GARCIA and TDCJ Warden FOLEY are both culpable for failing to return plaintiff's property following the seizure. Plaintiff also claims he needed the seized legal material to pursue a challenge to his criminal conviction and the seizure was affecting his access to the courts. Plaintiff filed suit requesting an injunction to stop the disposal of his legal material and requested relief in the form of immediate return of his legal material.

On December 7, 2016, plaintiff requested dismissal of the instant lawsuit *if* the filing fee was terminated as part of the dismissal. Plaintiff stated his legal materials were returned and defendants "have chosen to settle this dispute." Plaintiff did not claim the seizure of his legal paperwork led to any significant issue in his case concerning the challenge to his criminal

---

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

conviction. The Court denied the conditional request to dismiss his case and explained that a filing fee attaches in a civil lawsuit at the time the lawsuit is filed.

III.
THE LAW AND ANALYSIS

Due process is satisfied when the plaintiff is afforded ample notice and sufficient opportunity to object to the confiscation of his property, such as by way of the prison grievance system. *Allen v. Thomas,* No. H-02-3132, 2005 WL 2076033 at *9 (S.D.Tex. Aug.26, 2005). Post-deprivation proceedings such as TDCJ's grievance procedures are adequate to satisfy the Due Process Clause with respect to confiscation of property pursuant to prison regulations. *McQueen v. Vance*, 68 F.3d 471, 1995 WL 581861, *1 (5th Cir. Sept. 20, 1995) (unpublished) (citing *McBride v. Collins*, No. 93-7468, slip op. at 3 (5th Cir. Jan. 19, 1994) (unpublished); *Allen v. Thomas,* No. H-02-3132, 2005 WL 2076033 at *9 (S.D.Tex. Aug.26, 2005).

Because Texas has adequate post-deprivation state remedies for the confiscation of prisoner property by way of a tort action for conversion, plaintiff has failed to state a claim of constitutional dimension. *See Cathey v. Guenther*, 47 F.3d 162 (5th Cir. 1995); *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994) (holding that, in Texas, the tort of conversion is an adequate post-deprivation remedy); *Shaw v. Painter*, 165 F.3d 23 (5th Cir. 1998); *Thompson v. Steele,* 709 F.2d 381, 383 (5th Cir.1983) (holding that a state action for damages is an adequate remedy), *cert. denied,* 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983).

The Court has considered the factors set forth in *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and notes that even relatively insignificant personal property is still of some importance to a prisoner. Nevertheless, plaintiff has not alleged any fact indicating the risk of an erroneous deprivation would be significantly minimized with additional procedural safeguards (established by any injunctive relief); whether or not an item is contraband

turns on simple observation and property records, not credibility determinations. Lastly, plaintiff has not alleged a single fact showing any advantage of additional opportunities to challenge the decision of prison officials would not be outweighed by the fiscal and administrative burdens that the additional or substitute procedural requirements would entail. *Allen v. Thomas,* No. H-02-3132, 2005 WL 2076033 at *9 (S.D.Tex. Aug.26, 2005) (citing *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)).

Regarding plaintiff's property, it is clear the grievance system afforded plaintiff notice of the reason for the confiscation and sufficient opportunity to object to the confiscation of his property, as well as to appeal the decision on his objection. *Allen v. Thomas,* No. H-02-3132, 2005 WL 2076033 at *9 (S.D.Tex. Aug.26, 2005). Plaintiff filed a request for dismissal with this Court explaining his legal materials were returned. Plaintiff did not request the return of any further property. Plaintiff's right to due process in the seizure of his property was satisfied.

Moreover, an inmate alleging denial of access to the courts must demonstrate an actual injury stemming from the defendants' unconstitutional conduct. *Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Chriceol v. Phillips*, 169 F.3d 313 (5th Cir. 1999); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998) (without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts claim). If a litigant's position is not prejudiced by the claimed violation, his claim of denial of access to the courts is not valid. *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir.), *cert. denied*, 504 U.S. 988, 112 S.Ct. 2974, 119 L.Ed.2d 593 (1992). Plaintiff has made no allegation that he suffered any actual injury stemming from the seizure of his legal material. Therefore, plaintiff has utterly failed to state an access to courts claim.

Although plaintiff mentions a disciplinary case that resulted from the possession of the property seized in April of 2016, plaintiff made no requests for relief based on his disciplinary case. The Court notes that any claim for relief on a disciplinary case would likely be barred as a frivolous claim until the *Heck* conditions are met. *See Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994).

## IV.
## RECOMMENDATION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is the RECOMMENDATION of the Magistrate Judge to the District Judge that the Civil Rights Complaint by plaintiff STEVEN GERARD SLEDGE filed pursuant to Title 42, United States Code, section 1983 be DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on November 9, 2017.

_/s/ Lee Ann Reno_
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## *<u>NOTICE OF RIGHT TO OBJECT</u>*

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).